PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS     (1927-1950)
JOHN F. WHARTON    (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3311

WRITER'S DIRECT FACSIMILE

(212) 492-0311

WRITER'S DIRECT E-MAIL ADDRESS

rfinzi@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

September 24, 2021

# MEMORANDUM ENDORSED

<u>By ECF and By Hand</u>

The Honorable Gregory H. Woods
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/2021

Re: <u>United States</u> v. <u>Hector Cartagena</u>
11 Cr. 267 (GHW)

Dear Judge Woods:

I write as CJA counsel to Hector Cartagena to respectfully request early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Mr. Cartagena was sentenced by the Honorable Deborah A. Batts in October of 2011 and released from prison in July of 2018. In light of Judge Batts' untimely passing, this case was transferred to Your Honor for the purposes of hearing this motion. As set forth in more detail below, Mr. Cartagena has been serving a term of supervised release that is scheduled to expire in November of 2023, and in the meantime has reintegrated himself into society without incident. We make this motion because the continuing term of supervised release is no longer necessary from a law-enforcement perspective and is interfering with his ability to advance his career.

### Background

In May of 2011, Mr. Cartagena waived indictment and pled guilty, pursuant to a plea agreement, to a single count-information that charged him with violating 21 U.S.C.

§ 841(b)(1)(B) and § 846—Conspiracy to Distribute And Possess with Intent to Distribute Cocaine. In November of 2011, Judge Batts sentenced Mr. Cartagena to ten years imprisonment followed by five years of supervised release.

While in jail, Mr. Cartagena took full advantage of the prison's educational offerings in an effort to improve himself and his chances at a successful re-integration into society upon his release. For example, Mr. Cartagena received his GED and completed courses in computer skills, residential electrical wiring, and the National Electrical Code. Since Mr. Cartagena's release in July of 2018, he has been on supervision without incident and has worked hard to build a better life for himself. Mr. Cartagena regularly goes to church and has been saving money to support the family he one day hopes to have.

Most pertinently to this request, Mr. Cartagena has immersed himself into his career at Iron Mountain, a multinational information management company that specializes, among other things, in securely storing hardcopy records from corporations. Mr. Cartagena works in one of Iron Mountain's warehouses in Edison, NJ, where he has quickly advanced from machine operator, to operations and safety coordinator, to a trainer of new employees. Among Mr. Cartagena's responsibilities is operating a turret truck, weighing over 3,000 pounds, that allows him to hoist pallets of storage items to warehouse shelves that are up to fifty feet high.

Unfortunately, the travel restrictions placed on Mr. Cartagena by his supervised release—which require him to request permission from the Court or his probation officer before leaving the New Jersey-New York-Pennsylvania area—have interfered with his professional advancement.[1] We have spoken with Kevin Menas, Mr. Cartagena's supervisor at Iron Mountain, who confirmed that Mr. Cartagena is a model employee and a great teacher. Mr. Menas also told us that Iron Mountain is growing rapidly—opening new warehouses across the country—and has opportunities for high caliber employees, like Mr. Cartagena, who are willing to travel to these locations and stay for several weeks to train new employees. Mr. Menas informed us that such opportunities would constitute a promotion for Mr. Cartagena and would be available to him except for his travel restrictions. As Mr. Menas put it, Iron Mountain cannot offer these opportunities—which sometimes arise on short notice—to someone who must request permission from his probation officer or the Court each time the company wishes to send him to a different warehouse to train employees. And Mr. Cartagena, to his credit, was not comfortable seeking these assignments without informing his employer of his situation and his need to obtain clearance to travel.

**Applicable Law**

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one

---

[1] Mr. Cartagena lives and is supervised in the District of New Jersey.

year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. These factors address "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *United States* v. *Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). The Second Circuit has recognized that early termination of supervised release is warranted where "new or unforeseen circumstances" arise that "render a previously imposed term either too harsh or inappropriately tailored to serve general punishment goals." *Id*. at 36.

Several decisions in the Southern District of New York have interpreted these new or unforeseen circumstances to include "detriment to one's employment prospects." *See United States* v. *Gonzales*, No. 94-CR-0134, 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (Rakoff, J.); *United States* v. *Harris*, 689 F.Supp.2d 692, 694–96 (S.D.N.Y. 2010) (Haight, J.).

For example, in *United States* v. *Harris*, Judge Haight found that the petitioner's status on supervised release "adversely impact[ed] his position with [his] company and his ability to perform his job in several ways." 689 F.Supp.2d at 693. Specifically, the requirement that the petitioner "obtain Probation's permission before leaving the jurisdiction" impeded his ability to do his job and "create[d] multi-faceted obstacles to his advancing in his company." *Id*. at 693–95. Ultimately, Judge Haight held that the "interest of justice" required termination of the petitioner's supervised release, in order to "do away with crippling obstacles to his professional advancement, and make straight his path to rehabilitation and redemption." *Id*. at 696.

**Mr. Cartagena Satisfies the Criteria for Early Termination of Supervised Release**

Mr. Cartagena satisfies the criteria for early termination of supervised release based upon his conduct since release and the adverse impact of supervised release on his career advancement and full rehabilitation. Over the past three years, Mr. Cartagena has fully complied with all requirements of his supervised release, avoided any trouble of any kind, reintegrated into his community, and attained training and certifications in a career requiring skilled labor. As described above, Mr. Cartagena's supervised release has become an impediment to the advancement of an otherwise promising career and his continued path to rehabilitation.

We have spoken with Mr. Cartagena's U.S. Probation Technician, Brendan Murillo, who has informed us that consistent with their practice, DNJ Probation takes no position with respect to this request, and that they believe that Mr. Cartagena is eligible for termination of his term of supervised release. AUSA Rebecca Mermelstein, the Chief of the General Crimes Unit, has informed us that the Government does not object to a modification of the conditions of Mr. Cartagena's supervised release to allow him to travel outside the designated districts without prior approval from Probation.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods											4

       For all of these reasons, we respectfully request that the Court order that Mr. Cartagena's term of supervision be terminated early under 18 U.S.C. § 3583(e).

       Respectfully submitted,

       /s/ *Roberto Finzi*

       Roberto Finzi

cc:    U.S.P.O. Brendan Murillo (By email)
       AUSA Rebecca Mermelstein (By email)

Application denied. "[T]he determination of early release is a discretionary decision made by the district court. Early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" *United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997). The Court has evaluated the relevant factors under 18 U.S.C. § 3583. While Mr. Cartegena's progress, as described here, is worthy of merit, he has not made a sufficient showing to justify the early termination of his supervised release, particularly in light of the nature of his underlying offense. The Court observes, as the Government has noted, that the impediment to the defendant's employment identified here might be addressed without terminating the defendant's supervised release. The Court does not believe that the effect of that standard restriction on Mr. Cartagena's employment on its own, or together with the defendant's accomplishments described here, justifies the substantial modification to the conditions of his supervised release requested.

The Clerk of Court is directed to terminate the motion pending at Dkt. Nos. 21 and 23.

SO ORDERED.
Dated: September 24, 2021　　　　　GREGORY H. WOODS
New York, New York　　　　　　　　United States District Judge